UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES SCHWAB & CO., INC.<br><br>    PLAINTIFF,<br><br>    v.<br><br>SCOTT KARPIAK, and RBC DAIN RAUCHER, INC.,<br><br>    DEFENDANTS. | CIVIL ACTION<br><br>No. 06-4010 |

MEMORANDUM/ORDER

January 12, 2007

  On September 8, 2006, plaintiff Charles Schwab & Co. (Schwab), a broker-dealer member of the National Association of Securities Dealers (NASD), filed this suit against defendants RBC Dain Rauscher, Inc. (RBC) and Scott Karpiak.  Karpiak worked as a private client consultant for Schwab from August 1999 to April of 2006.  On April 28, 2006, he left Schwab for a position at RBC, which is also a broker-dealer member of NASD.  Schwab's suit alleged that Karpiak—incident to his departure from Schwab and in collaboration with RBC—disclosed to RBC confidential information about Schwab customers and commenced soliciting Schwab customers to transfer their accounts to RBC.  Schwab further alleged that these acts violated agreements of confidentiality and non-solicitation governing Karpiak's employment at Schwab.  On September 11, 2006, Schwab

filed a motion for a preliminary injunction, seeking to restrain defendants from (1) disclosing or using confidential Schwab customer information, (2) soliciting the transfer from Schwab of accounts that Karpiak serviced or had in prospect at Schwab.

On November 15, 2006, I referred plaintiff's motion for a preliminary injunction to Magistrate Judge Angell.  Following an evidentiary hearing, Judge Angell on December 7, 2006, filed a detailed twenty-three page Report and Recommendation, recommending that the motion for a preliminary injunction be granted and attaching a proposed decree.

Defendants have filed objections to the Report and Recommendation, arguing that granting the motion is unwarranted because plaintiff's "purported injury can be compensated by monetary damages" and therefore "Schwab did not, as a matter of law, demonstrate that it would be irreparably harmed absent the issuance of a preliminary injunction."  I disagree.  Judge Angell's Report and Recommendation notes that

> Karpiak took information pertaining to Schwab's clients, and he admits that he intends to continue calling clients whom he previously serviced at Schwab.  Clearly, this admitted continuing violation is incapable of adequate protection by monetary damages, and I am satisfied that Schwab has demonstrated that it will suffer irreparable harm in the absence of injunctive relief.

R&R 12.  Although there are isolated cases tending to support defendants' position, *see, e.g., Morgan Stanley v. Frisby*, 163 F. Supp. 2d 1371, 1375 (N.D. Ga. 2001), the bulk of the case law confirms Judge Angell's analysis.  For case law close at hand, see the opinion of my colleague Judge Kauffman in *Merrill Lynch, Pierce, Fenner v. Napolitano*, 85 F. Supp. 2d 491, 497 (E.D. Pa. 2000), and the opinion of my late colleague Judge James

McGirr Kelly in *Merrill Lynch, Pierce, Fenner & Smith v. Masri*, No. 96-3804, 1996 WL 283644 at *4, ¶ 9 (E.D. Pa. 1996).  *See also Merrill Lynch, Pierce, Fenner & Smith v. Salvano*, 999 F. 2d 211, 215 (7th Cir. 1993), *Merrill Lynch, Pierce, Fenner & Smith v. Bradley*, 756 F. 2d 1048, 1055 (4th Cir. 1985).

Defendants also offer two objections to the text of Judge Angell's proposed decree. The first is that compliance with paragraph four of the proposed decree would cause defendants to violate certain directives of the National Association of Securities Dealers. Paragraph four of the proposed decree requires "Defendants, and anyone acting in concert or participation with Defendants . . . to return to Schwab's counsel any and all records or information pertaining to Schwab's clients or its business, and/or which were obtained by Karpiak as a result of his employment with Schwab . . ."  Defendants claim that

> [i]f [they] return all information they have concerning the Schwab clients who have opened accounts at and transferred their assets to RBC Dain, which would include names, addresses and telephone numbers, all of which are necessary to service those clients at RBC Dain, it is obvious that Defendants would no longer be able to provide the services those clients require and have contracted with RBC Dain to provide.

Docket #50 at 8.  Accordingly, defendants propose inserting the following passage after paragraph four:

> Nothing in this Order shall prohibit RBC Dain and Karpiak from accepting a Customer's request to transfer his or her account from Schwab to RBC Dain. Further, Schwab shall not interfere with or delay a Customer's request to transfer his or her account from Schwab to RBC Dain.

*Id.* at 11.

I conclude that compliance with paragraph four would not require defendants to return any information provided by Schwab customers themselves, and I agree with Schwab's arguments that the language defendants propose to insert into the decree "could be construed to enjoin Schwab from trying to . . . [do certain things] that Schwab is entitled to do," Docket #51 at 15.  However, in the interest of clarification, I will incorporate the following sentence—proposed by Schwab—at the end of paragraph four: "Notwithstanding the foregoing, nothing in paragraph 4 shall be construed to require Defendants to return records or information concerning customers who have transferred accounts to RBC Dain as of the date of this Order." *Id.* at 14.

Defendants' second objection is that

> The Proposed Order uses the capitalized term "Customer" as if it is defined; however, that term is not defined in the Proposed Order.  Moreover, the Proposed Order is confusing because it uses the terms "Customer," "customer," and "client", interchangeably, and, as a result could cause inconsistent determinations of whether it has been obeyed in the future.

Docket #50 at 11.  To remedy this ambiguity, defendants propose inserting the following definition as a subsection to paragraph 3:

> "Customer", as used herein, shall mean those clients of Schwab that Karpiak serviced while employed by Schwab along with the prospective clients of Schwab that were specifically designated as such by virtue of being listed, classified, or otherwise identified by Schwab to Karpiak during his employment.  Customer shall not include any client or prospective client of Schwab that has opened an account at RBC Dain or requested to transfer their account(s) from Schwab to RBC Dain.

Defendants' proposal would change the intended meaning of the decree insofar as it excludes from the definition of "Customer . . . any client or prospective client of Schwab

that has . . . requested to transfer [his or her] account(s) from Schwab to RBC Dain."

Docket #50 at 12.  Thus, in order to preserve the meaning of the decree while addressing

defendants' concerns, I will adopt plaintiff's proposed remedy: insertion of "('the

Customers')" into lines 3 and 4 of paragraph 3(a) of the decree.


## Conclusion

    AND NOW, upon consideration of the pleadings and the record herein, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, it is hereby **ORDERED** that:

1.  The Report and Recommendation is **APPROVED AND ADOPTED**.

2.  Plaintiff Charles Schwab & Co., Inc.'s Motion for a Preliminary Injunction (Docket Entry No. 4) is **GRANTED**.

3.  A preliminary injunction be issued immediately, enjoining Defendant Scott Karpiak, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Defendant RBC Dain Rauscher, Inc., from:

    (a) soliciting, inducing or attempting to solicit or induce any existing and/or prospective customers that Karpiak serviced (directly or indirectly), or whose identity he learned during his employment with Schwab (the "Customers") to divert, transfer or otherwise take away business from Schwab (excluding members of Karpiak's immediate family); and

    (b) using, disclosing, or transmitting for any purpose, including the solicitation of business, the information contained in the records of Schwab, including but not limited to, the names, addresses, and financial information of the Customers.

    (c) destroying, erasing or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information

        maintained in computer media) in Defendants' possession or control which were obtained from or contain information derived from any Schwab records, which pertain to the Customers, or which relate to any of the events alleged in the Complaint in this action.

4. Defendants, and anyone acting in concert or participation with Defendants, including Defendants' counsel and any agent, employee, officer or representative of RBC Dain or any of its subsidiaries or affiliates, are further ordered to return to Schwab's counsel any and all records or information pertaining to Schwab's clients or its business, and/or which were obtained by Karpiak as a result of his employment with Schwab, whether in original, copies, handwritten or any other form, and purge any such information from their possession, custody, or control, within 48 hours of notice to Defendants or their counsel of the terms of the Court's Order; provided, however, that any information in computerized or electronic form (including but not limited to personal computers, lap top computers, Blackberries, Treos, Palm Pilots, mobile telephones and any other device in, or on, which data can be electronically stored) shall be provided by Defendants to their counsel within 48 hours of notice to Defendants or their counsel of the terms of the Court's Order, and Defendants' counsel shall preserve the integrity of such devices and data and immediately make any and all such devices and data available for inspection and duplication by Plaintiff's counsel and/or computer forensic consultants. Notwithstanding the foregoing, nothing in paragraph 4 shall be construed to require Defendants to return records or information concerning customers who have transferred accounts to RBC Dain as of the date of this Order.

5. Pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed toward an expedited arbitration hearing on the merits before a duly appointed panel of arbitrators in accordance with Rule 10335(B) of the National Association of Securities Dealers Code of Arbitration Procedure.

BY THE COURT:

      /s/ Louis H. Pollak

Pollak, J.